1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS JOHN CARLSON,

11        Plaintiff,                    No. 2:13-cv-1194 DAD P

12        vs.

13   G. MATTESON, et al.,

14        Defendants.               ORDER

15   _____/

16        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  Plaintiff, the only party to appear in this action, has consented to proceed before a

19   United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (See ECF No. 4.)

20        Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson

2

1   v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell,  550 U.S. at 555, in turn quoting Conley v.

2   Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must

3   accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 94, and construe

4   the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

5   (1974).

6          In his complaint, filed June 14, 2013 (ECF No. 1), plaintiff alleges that the three

7   defendants named in this action "illegally removed/took funds from [plaintiff's] future payment

8   of V.A. disability compensation benefits causing the cancellation of [plaintiff's] 2nd quarterly

9   package because of insufficient funds on May 10, 2012."  Id. at 4.  He further alleges that "[o]n

10  April 19, 2012 [he] submitted the CDC-193 for postage of legal mail yet no funds were available

11  in [his] trust account" and that he "did not expect the postage costs would be removed/taken

12  from [his] future benefits."  He seeks injunctive relief in the form of an order requiring the

13  accounting office to stop attaching future benefits, repayment of the $5.04 that was removed with

14  compounded interest, and punitive damages.

15         The United States Supreme Court has held that "an unauthorized intentional

16  deprivation of property by a state employee does not constitute a violation of the procedural

17  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

18  postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

19  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional

20  deprivations constitute actionable violations of the Due Process Clause.  An authorized

21  deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

22  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of

23  Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

24         In the instant case, plaintiff has not alleged any facts which suggest that any

25  alleged deprivation was authorized, and documents appended to the complaint suggest that

26  pursuant to a decision of the United States Court of Appeals for the Ninth Circuit, the California

Department of Corrections and Rehabilitation (CDCR) "cannot enforce inmate trust account holds against future payments from the Veterans Administration." Ex. 1A to Complaint (ECF No. 1) at 11.[1]  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.  The court concludes that plaintiff has failed to state a claim upon which relief may be granted.  This action must, therefore, be dismissed.  See 28 U.S.C. § 1915A.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  This action is dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A.

DATED: July 24, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
carl13cv1194.dm

---

[1]  The same exhibit raises doubts concerning the validity of plaintiff's allegation that the postage at issue was deducted from his future V.A. benefits.  See id. at 12.  However, that issue is not before this court.